## Gabelsville Athletic Association License

*Body, Muth & Rhoda,* for appellant.

*Linn H. Schantz,* for Pennsylvania Liquor Control Board.

HESS, J., December 24, 1948.—Gabelsville Athletic Association, a nonprofit corporation located in Colebrookdale Township, Berks County, Pa., has filed an appeal from the decision of the Pennsylvania Liquor Control Board refusing an application for a club liquor license. The application was refused because the board found that the quota of licenses in Colebrookdale Township has been exceeded and that there are already sufficient licenses in existence in the township. It is admitted that applicant is a bona fide club in all respects.

According to the testimony of agents for the board, there are two licenses presently existing in the township counted against the quota, and the population is 1,949 persons. The record does not show that the population figure is derived from the last decennial census statistics, and there is no explanation as to how this population total was determined. Applicant's witnesses, who stated that during July, 1948, they visited every home in the township, secured the names of all persons

who lived in each home and tabulated the same, testified that at that time the population consisted of 2,090 persons. Applicant's witnesses as to population are school teachers who made the count at the instigation of applicant and later found, when making an enumeration of school children for the school district, that the figures were increased to 2,092.

In view of the fact that the applicant's witnesses have explained how their population figures were determined and the Board's witnesses have not explained the manner in which their testimony was secured, we now find as a fact that in July, 1948, the population of Colebrookdale Township, Berks County, Pa., consisted of 2,090 persons. Under the provisions of section 2 of the Act of June 24, 1939, P. L. 806, referred to as the "Quota Law", one license may be granted for "each one thousand inhabitants or fraction thereof, in any municipality . . .". Inasmuch as only two licenses have been issued which count against the quota, we find as a fact that the quota has not been exceeded and, accordingly, the finding of fact to the contrary made by the board is reversed. In view of our findings, a consideration of whether or not clubs are included within the quota becomes unimportant.

There is no testimony in the record which would support a finding that granting a club liquor license to applicant will be against the public welfare, peace, health and morals of the community. In fact, various respected and prominent residents of the community testified in favor of the applicant's being granted the license it seeks.

And now, to wit, December 24, 1948, the appeal of the Gabelsville Athletic Association is sustained and the Pennsylvania Liquor Control Board is directed to issue a club liquor license to the applicant for its premises located in Colebrookdale Township, Berks County, Pa.